IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MALCOLM NUNES,<br><br>      Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK, d/b/a DEUTSCHE BANK SECURITIES, Inc., d/b/a DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, and<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION,<br><br>      Defendants. | CIVIL ACTION<br>FILE NO. 1:11-cv-03630-CAP |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULE 12(b)(1) and 12(b)(6)**

Despite this Court's clear order on November 29, 2011, denying Plaintiff's requests for equitable relief under the FDCPA [Doc. 8], Plaintiff stubbornly filed an Amended Petition again seeking to enjoin a lawful state court garnishment proceeding to collect a lawful state court judgment. Plaintiff's defiance of this Court's order wastes the time and resources of the Defendants and this Court.

Plaintiff's Amended Petition does not cure the original Petition's substantive defects. This Court further subject matter jurisdiction to adjudicate Plaintiff's claims for the reasons identified below.

## FACTS AND PROCEDURAL HISTORY

On or about June 29, 2005, Plaintiff executed and delivered a Promissory Note to Accredited Home Lenders, Inc. in the amount of $109,800.00.[1] The loan was a second mortgage on a property Plaintiff purchased located in Stone Mountain, Georgia.[2] Ten months later, on April 13, 2006, the Note and Security Deed were sold to Franklin Credit Management Corporation (hereinafter "Franklin").[3]

Plaintiff made regular payments to Franklin until approximately July, 2006, whereafter he stopped.[4] On or about June 30, 2008, Franklin brought a civil action in the Superior Court of Cobb County to collect amounts due on the Note.[5] On January 8, 2009, Franklin obtained final judgment against Plaintiff on the Note in

---

[1] See Attached Exhibit "A," (Promissory Note).
[2] See Attached Exhibit "B," (Security Deed).
[3] See Attached Exhibit "C," (Assignment, Accredited to Franklin).
[4] See Attached Exhibit "I," (Payment History).
[5] See Attached Exhibit "D," (Complaint on Note).

the amount of $150,289.65.[6] Shortly thereafter a Writ of Fieri Facias was issued in the amount of $150,640.92.[7]

After the Fi Fa was issued, the judgment was sold several times and garnishment proceedings were commenced. On or about December 15, 2009, the Judgment was transferred from Franklin to The Huntington National Bank, as trustee for Franklin Mortgage Asset Trust 2009-A (hereinafter "Huntington").[8] Approximately 6 months later, on or about July 20, 2010, Huntington commenced a garnishment proceeding in Cobb County State Court against Plaintiff's employer.[9] Plaintiff's employer answered the garnishment and made payments on Plaintiff's behalf which have been credited toward Plaintiff's balance.[10]

On or about January 20, 2011, Huntington assigned the Judgment to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 (hereinafter "Deutsche Trust").[11] The next month, on

---

[6] See Attached Exhibit "E," (Judgment).
[7] See Attached Exhibit "F," (Fi Fa).
[8] See Attached Exhibit "G," (Assignment, Franklin to Huntington).
[9] See Attached Exhibit "H," (Garnishment Proceeding, Huntington).
[10] See Attached Exhibit "I," (Payment History).
[11] See Attached Exhibit "J," (Assignment, Huntington to Deutsche Trust). This document is also Exhibit "A" to Plaintiff's Amended Complaint.

or about February 10, 2011, a new garnishment proceeding was commenced in the State Court of Cobb County by Deutsche Trust against Plaintiff's employer.[12]

Plaintiff now files this action seeking to block a lawful state court garnishment to collect on a lawful state court judgment.  Plaintiff seeks to circumvent the proper procedures for challenging the validity of the garnishment and judgment in state court by seeking remedies in this Court which are unavailable *and this Court has already told Plaintiff those remedies are unavailable*.  Order [Doc. 8].  Despite this Court's previous order, Plaintiff has filed an Amended Petition seeking the very equitable remedies he has already been denied.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.    Standard of Review

#### A.    Standard for Rule 12(b)(1) Motion to Dismiss.

When the court lacks subject matter jurisdiction over a dispute, then the complaint should be dismissed.[13]  Subject matter jurisdiction may be attacked facially and factually.[14]  A facial attack requires the court to review whether the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the

---

[12] See Attached Exhibit "K," (Garnishment Proceeding, Deutsche Trust).
[13] Fed. R. Civ. P. 12(b)(1).
[14] *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

allegations in his complaint are taken as true for the purposes of the motion."[15] Whereas a factual attack challenges the factual basis of subject matter jurisdiction, "irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."[16]  Further, there is not a presumption of truthfulness attached to the plaintiff's allegations and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[17]  The attack in this case is factual because the *Rooker Feldman* doctrine prevents this Court from blocking the enforcement of a valid state court judgment.

### B. Standard for Rule 12(b)(6) Motion to Dismiss.

A Rule 12(b)(6) motion requires an assessment of whether the plaintiff has set forth a claim upon which relief may be granted.[18]  The Court's review of a motion to dismiss requires accepting the plaintiff's allegations as true.[19] Additionally, the court must view the plaintiff's complaint in the light most favorable to the non-moving party.[20]

---

[15] *Lawrence*, 919 F.2d at 1529 quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).
[16] *Lawrence*, 919 F.2d at 1529.
[17] *Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999).
[18] *Patel v. Patel*, 761 F.Supp. 2d 1375, 1378 (N.D. Ga. 2011).
[19] *Hishson v. King & Spalding*, 467 U.S. 69, 73 (1984).
[20] *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[21]

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.[22]

The complaint must allege more than merely a "conceivable" claim; a plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[23] "But, '[d]ismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised.'"[24]

---

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).
[22] *Bell Atlantic Corp.*, 550 U.S. at 555-56 (internal citations omitted).
[23] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1974 (2009).
[24] *Patel*, 761 F.Supp. 2d at 1378 citing *Bell Atlantic Corp.*, 550 U.S. at 570.

## II. Plaintiff's Complaint Fails to State a Claim.

### A. Plaintiff Fails To Assert Any Facts Describing An "Initial Communication" With Any Defendant.

Plaintiff alleges Defendants violated §1692g by failing to provide written verification of his debt. The Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692g(a) states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

Thereafter, subsections §1692g(a)(1)-(5) set forth the information that must be contained in the initial communication. The written notice to the consumer must be provided by "the debt collector" and is *only* required if the initial communication itself does not contain the disclosures identified in §1692g(a)(1)-(5).

The Plaintiff alleges that Defendants did not send written notice within five days of the initial communication. Plaintiff fails to allege, however, that an initial communication occurred at all or, if it occurred, that it did not contain the disclosures identified in §1692g(a)(1)-(5). The statute is clear that formal

7

pleadings *do not* constitute an initial communication with a consumer.[25] Plaintiff alleges absolutely no facts about any Defendant having an initial communication with the Plaintiff.  Where there has been no initial communication under §1692g, no Defendant is obligated to send Plaintiff anything in writing.  Plaintiff has failed to allege at least one necessary element of his claims under §1692g.  These claims should be dismissed against all Defendants.

### B. Plaintiff Sent His Verification Request To The Wrong Company.

Plaintiff asserts that he properly requested verification of the debt under §1692g and that the Defendants violated the law by failing to respond to the request.  Even if the Court finds that Plaintiff has properly alleged the existence of an initial communication (with any Defendant) and that such initial communication did not include the proper disclosures, Plaintiff's own evidence belies his argument that he was entitled to written disclosure from any Defendant.  In Paragraph 9 of Plaintiff's Amended Petition, Plaintiff carelessly alleges that "Plaintiff has mailed Defendant DEUTSCHE BANK and the Deutsche Bank National Trust Company a request for validation of debt …"  Plaintiff attaches that very correspondence to his Petition as Exhibit B.  It is clear from his own document; however, that this statement is *false*.  Plaintiff *did not* send his correspondence to "Deutsche Bank

---

[25] 15 U.S.C. §1692g(d).

National Trust Company." He sent it only to "Deutsche Bank" which has never had an interest in Plaintiff's account, his judgment, or his garnishment proceedings. Plaintiff sent his verification request to the wrong company. Deutsche Bank was never obligated to respond to the verification request because (1) it never had an initial communication with Plaintiff, (2) it never attempted to collect the debt from Plaintiff, and (3) it has no interest in Plaintiff's account, judgment, or garnishment, nor does the Plaintiff allege the existence of any of these facts. Plaintiff's own exhibit confirms this conclusion and disproves his own allegations. Plaintiff even attaches the assignment to his Amended Petition, which clearly shows the name of the proper Deutsche entity, yet he stubbornly alleges compliance with the verification requirements of §1692g when his own documents disprove those very allegations.

Plaintiff never alleges he requested verification from Defendant Franklin. Plaintiff has utterly failed to properly allege any facts that he has properly requested verification of the debt from any Defendant that may have been obligated to respond. His claims under §1692g should be dismissed against all Defendants.

**D.     Defendants Had No Duty To Mark His Debt As Disputed.**

Plaintiff alleges that Defendants violated the FDCPA when it did not report "the account as being in 'dispute' on Plaintiff's credit report."[26] Under §1692e(8) a debt collector may not communicate "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." In order to state a claim under this section, Plaintiff must allege that Defendants knew his debt was disputed (or false) or that they should have known his debt was disputed (or false) and that Defendants nonetheless communicated false information to another person. Plaintiff makes no such allegations.

The basis of Plaintiff's claims under §1692e(8) are that he disputed his debt. Plaintiff attaches as Exhibit "B" to his Petition the document he asserts should have put Defendants on notice of any false or disputed information. Nowhere, however, in that correspondence does Plaintiff dispute his debt or advise any Defendant that the balance is incorrect or false. Plaintiff does not state a claim under e(8) because his own evidence shows that he did not dispute the debt. Moreover, he does not identify which Defendant is reporting information to the credit bureau nor does he state which information he asserts is false or disputed. In Paragraph 18 of Plaintiff's Amended Petition he described what is *not* being

---

[26] Plaintiff's Amended Complaint Paragraph 10(c).

reported to the credit bureaus, but Plaintiff fails to specifically identify what *is* being reported, by whom, and the content of those reports. Moreover, even assuming Plaintiff's allegations are true, the FDCPA creates a presumption of validity of the balance being collected in the absence of a valid, timely, written dispute by the Plaintiff.[27] Plaintiff does not allege ever disputing the debt. Plaintiff's e(8) allegations fail to state a claim against any Defendant and should be dismissed.

### III. The *Rooker-Feldman* Doctrine Strips This Court's Subject Matter Jurisdiction To Adjudicate Plaintiff's Claims.

Plaintiff alleges Defendants committed fraud and deceit pursuant to Georgia state law. Plaintiff's allegations are an attempt to attack a proper state court judgment by praying that this Court enjoin all garnishment and collection activities in relation to a matter which has already been fully litigated in state court. Plaintiff may not use this Court as vehicle to upset a presently enforceable non-appealable state court judgment and the subsequent garnishment actions.

The *Rooker-Feldman* doctrine limits the subject matter jurisdiction of the federal district courts and courts of appeal regarding matters previously litigated in

---

[27] 15 U.S.C. §1692g(a)(3).

state court.[28]  In short, with the exception of the Supreme Court, federal courts should not become a court of appeals for a state court decision.  Specifically, the doctrine prevents federal district courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[29]  The *Rooker-Feldman* doctrine reaches beyond cases decided in the state courts, but also bars federal courts from reviewing issues that are "inextricably intertwined" with issues that were already before the state court.[30]  In conclusion, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court."[31]

Here, all the elements of *Rooker-Feldman* are satisfied:

---

[28] *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001); *Brown v. R.H. Reynolds Tobacco Co.*, 576 F.Supp.2d 1328, 1336 (M.D. Fla. 2008).
[29] *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).
[30] *Washington v. Wilmore*, 407 F.3d 274, 279-280 (4th Cir. Va. 2005) quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486; see *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).
[31] *Davani v. Va. DOT*, 434 F.3d 712, 719 (4th Cir. Va. 2006); see *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 86-87 (2d Cir. 2005).

- Plaintiff is a state court loser. A valid judgment has been entered against him in state court. His appeal period has expired and no court has vacated or otherwise altered the judgment.

- Plaintiff is complaining of injuries caused by the state court judgment, i.e. the collection of it, and specifically seeks (improperly) to enjoin enforcement of the state court judgment.

- Plaintiff's judgment and alleged injuries were rendered long before the present action was filed. Indeed, judgment was entered against Plaintiff back in January of 2009 and this case was not commenced until October 24, 2011.

- Plaintiff is specifically asking this court to review and reject the judgment by issuing an order to enjoin its enforcement. Despite this Court's previous order denying this relief [Doc. 8] Plaintiff's Amended Petition continues to seek an injunction against the enforcement of the judgment.

Plaintiff's allegations are inextricably intertwined with the state court decision to issue a judgment against Plaintiff, and *Rooker-Feldman* prevents this Court from reviewing or upsetting those state court proceedings. This Court has

no subject matter jurisdiction to adjudicate Plaintiff's claims and Defendants request that the Amended Petition be dismissed in its entirety.

### IV.     Plaintiff Cannot Show Proper Service on the Defendants

Plaintiff fails to show proper service on the named Defendants in the above referenced matter. Plaintiff shows service on "Deutsche Bank AG" [Doc. 11], yet nowhere in Plaintiff's Amended Petition is "Deutsche Bank AG" named as a defendant. Plaintiff cannot show proper service on any Defendant.

### CONCLUSION

Plaintiff is improperly using this Court as a vehicle to escape his state court judgment. The source of any remedy Plaintiff may have is found in state court, not this Court. Plaintiff's Amended Petition should be dismissed in its entirety.

Respectfully submitted this 30th day of January, 2012.

>                         BEDARD LAW GROUP, P.C.
>
>                         /s/ John H. Bedard, Jr.
>                         John H. Bedard, Jr.
>                         Georgia Bar No. 043473
>                         Kyle J. Vits
>                         Georgia Bar No. 824781